**IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| IMO THE ESTATE OF | ) | |
| THELMA L. TAYLOR | ) | ROW Folio No. 179101 DM-SEM |

## ORDER

WHEREAS, on October 26, 2021, Doreen M. Taylor (the "Personal Representative") was issued letters of administration for the estate of her mother Thelma L. Taylor (the "Decedent");[1] the Personal Representative was required to file an inventory of the estate on or before January 26, 2022 and a first accounting by October 26, 2022;[2]

WHEREAS, the Personal Representative filed her first inventory on or around April 11, 2022, to which the other heir of the estate (Dana Taylor, the "Exceptant") filed exceptions (the "Exceptions");[3]

WHEREAS, the Exceptions were heard on March 8, 2023;[4] on March 15, 2023, I issued an order directing the Personal Representative to file an amended inventory within thirty (30) day;[5] specifically, the amended inventory needed to include (1) the date-of-death value of the vehicle and bank account at issue and (2)

---

[1] Docket Item ("D.I".) 1.

[2] *Id.*

[3] D.I. 6, 7.

[4] D.I. 18.

[5] D.I. 19.

1

an itemized list of the Decedent's personal property;[6] I explained that the itemized list should include furniture, appliances, tools, and other personalty which were owned by the Decedent at the time of her death and the Personal Representative's estimation of the fair market value of those items;[7] I overruled the remaining concerns in the Exceptions as irrelevant to the inventory;[8] such was, however, without prejudice, should the Exceptant wish to renew these challenges if and as appropriate in connection with later filings, such as the Personal Representative's accounting(s);[9]

WHEREAS, the amended inventory was due April 13, 2023; no such document was filed by that deadline and, thereafter, the Exceptant filed a letter asking that the Personal Representative be removed for her failure to comply with my order;[10]

WHEREAS, on May 4, 2023, a letter from the Personal Representative dated April 11, 2023, with attachments, was filed;[11] the letter does not have a stamp indicating when it was received by the Register of Wills, but one page within the

---

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] *Id.*

[10] D.I. 20.

[11] D.I. 21.

2

packet has a stamp indicating filing with the New Castle County Register in Chancery on April 14, 2023;[12] included with the attachments was an amended inventory (the "Amended Inventory");[13]

WHEREAS, on May 12, 2023, the Exceptant filed exceptions to the Amended Inventory, contending that (1) the Personal Representative untimely filed the Amended Inventory, (2) the Amended Inventory is overly broad and inconsistent with the initial inventory's values, and (3) the Personal Representative should be removed from her duties (the "Second Exceptions");[14] the Personal Representative responded in opposition to the Second Exceptions on June 5, 2023;[15]

WHEREAS, on July 20, 2023, the Exceptant filed an unsigned supplement to the Second Exceptions, requesting the Personal Representative's removal and that a new personal representative to be appointed; the Exceptant also requested that the Decedent's home be sold and the residuary of the estate be equitably distributed;[16]

---

[12] *Id.* at 11.

[13] *Id.* at 3–4.

[14] D.I. 22.

[15] D.I. 24.

[16] D.I. 25.

WHEREAS, "[e]very executor or administrator shall render an account of their administration to the Court of Chancery, in money, every year from the date of their letters until the estate is closed and a final account passed by the Court[;]"[17]

**IT IS HEREBY ORDERED**, this 30th day of October 2023, as follows:

1.     The Second Exceptions are OVERRULED in part and STAYED in part.

2.     Unfortunately, the record is unclear regarding the date on which the Personal Representative filed the Amended Inventory. The packet in which the Amended Inventory was contained was electronically filed on May 4, 2023, but a stamp on page eleven of the filing reflects that at least one document in that packet was received by the New Castle County Register in Chancery on April 14, 2023.[18] Although filings for this action must be submitted to the Register of Wills, I will give the Personal Representative the benefit of the doubt and find the Amended Inventory was not sufficiently delayed to warrant sanctions or her removal for failure to comply with my prior order. Thus, the timeliness portion of the Second Exceptions is OVERRULED.

3.     The Exceptant's remaining concerns regarding the substance of the Amended Inventory should, however, be STAYED. At first glance, those concerns

---

[17] 12 *Del. C.* § 2301(a).

[18] D.I. 21.

are not frivolous, nor were they fully resolved by the Personal Representative's response. But there is a bigger problem with this estate. The Personal Representative's first accounting was due by October 26, 2022 and her second by October 26, 2023. There is nothing on the docket suggesting she requested an extension from the Register of Wills for either accounting. Failure to file an accounting when due is grounds for removing an estate fiduciary and raises suspicions about the fiduciary's service to the estate during the unaccounted-for period.

4.      The Personal Representative shall file the first and second accountings **within thirty (30) days**. If she fails to do so, a rule to show cause will be issued to her directing her to appear at a hearing and show cause why she should not be removed as the personal representative and judgment entered against her.

5.      If the Personal Representative is removed, the Second Exceptions will be deemed moot. If the Personal Representative timely files the accountings, the Exceptant will have an opportunity to review and file exceptions to such accountings, the stay on the Second Exceptions will be lifted as of the date exceptions are due in response to the accountings, and any exceptions will be consolidated and scheduled for an evidentiary hearing.

6. This is a final report under Court of Chancery Rule 143 and exceptions may be filed under Court of Chancery Rule 144.

/s/ Selena E. Molina
Magistrate Selena E. Molina